## Thomas Warfield v. John Hohman.

1. PUBLIC HIGHWAY—*when non-existence of, not established.* *Held*, from the evidence in this case, that the existence of the highway charged by the plaintiff was not disproved.

Action commenced before justice of the peace. Appeal from the Circuit Court of Massac county; the Hon. WARREN W. DUNCAN, Judge, presiding. Heard in this court at the February term, 1906. Affirmed. Opinion filed September 14, 1906.

H. A. EVANS, for appellant.

COURTNEY & HELM, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This suit was originally commenced before a justice of the peace of Massac county, by appellant against appellee, to recover damages for an alleged trespass by appellee upon the premises of appellant. Trial was had before the justice and appeal taken from his decision to the Circuit Court, where the case was tried *de novo* by a jury, resulting in a verdict in favor of appellee and judgment thereon for costs against appellant.

Appellant was the owner and was in possession of

the southeast fourth of the southwest quarter of section 4, township 16, south range 5 east, in Massac county, Illinois, and appellee was a commissioner of highways of Road District No. 2 of Massac county.

At the March meeting, 1903, of the commissioners of highways of said district, a petition was presented asking the commissioners to grant a new road on the quarter mile line through the west half section 4, township 16, south range 5 east, and beyond into section 9 of said district. This petition was signed by the requisite number of proper petitioners, including among them appellant. The prayer of the petition was granted and the road opened in pursuance thereof. The line of the road passed between appellant's land and a fourth of a quarter section west of it. His fence encroached upon the road and he was given sixty days' notice to move it back. He refused to comply with the notice, and appellee in pursuance of his duty as commissioner of highways moved the fence back the proper distance to meet the requirements of the road according to the petition and survey.

Appellant now denies the existence of a public highway, although he signed the petition and executed a release of damages for the right of way over his land along the line petitioned for. He bases his denial on certain alleged irregularities concerning the making of a certificate, reporting of the survey and filing a plat, and some other details, none of which invalidates the road as to him or absolves him from his release of damages for the right of way over his land.

Upon the whole record it is apparent to us that substantial justice was done by the verdict and judgment of the trial court.

The judgment of the Circuit Court is affirmed.

*Affirmed.*